**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ASHLEY LITTLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.: 26-740** |
| **v.** | ) | |
| | ) | |
| **McDOWLS, LLC d/b/a THE CELLAR,** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

## I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through: (a) Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. " 2000(e) *et seq*., as amended by "The Civil Rights Act of 1991," 42 U.S.C. §1981a (hereinafter "Title VII"), and incorporating therein the Pregnancy Discrimination Act (hereinafter "PDA") of 1978, 42 U.S.C. § 2000e(k); (b) the Pregnant Workers Fairness Act, 42 U.S.C. §2000ee, *et. seq.*, (hereinafter "PWFA"); (c) the Family Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*, (hereinafter "FMLA"); and (d) the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") for wage violations. The Plaintiff seeks compensatory, liquidated, and punitive damages, as available under each statute and requests a jury trial pursuant to 42 U.S.C. §1981a 29 U.S.C. §§626(b) and (c); and 29 U.S.C. §§216 (c) and 217.

## II. JURISDICTION AND VENUE

2. Plaintiff believes this Court has jurisdiction in accordance with 28 U.S.C. §1331 and 1343, 29 U.S.C. §2617, 28 U.S.C. § 2201 and 2202, 42 U.S.C. § 2000gg-2; and 42 U.S.C. §2000e-5(f)(3); 29 U.S.C. § 794a, and 42 U.S.C. § 12133.

3. The unlawful employment practices alleged hereinbelow were committed by the Defendant within Houston County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5.

4. Plaintiff has fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title VII, the PDA, and the PWFA. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission on April 9, 2025, and within 180 days of occurrence of the last discriminatory act. Plaintiff also timely files this Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission on or about June 25, 2026.

## III. PARTIES

5. Plaintiff, Ashley Little (hereinafter “Little” or “Plaintiff”), is a female citizen of the United States and a resident of the State of Alabama. Plaintiff was formerly employed by the Defendant.

6. Plaintiff was an eligible employee under the FMLA in that she worked for the Defendant for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed for at least 20 workweeks in the relevant or preceding calendar year.

7. Plaintiff is also a qualified individual under the PWFA in that she, with or without reasonable accommodation, was able to perform the essential functions of her employment position with the Defendant.

8. Defendant, McDowls, LLC, d/b/a/ The Cellar ("The Cellar" or "Defendant") is an Alabama company doing business in Houston County, Alabama. At all times relevant to this suit, The Cellar was the former employer of Plaintiff.

9. At all times relevant to this action the Defendant has employed at least fifteen (15) or more employees for the purposes of Title VII, the PDA, and the PWFA.

10. At all times relevant to this action the Defendant has employed at least 50 employees within a 75-mile radius of the work location where Plaintiff was employed, for the purposes of the FMLA.

11. The Defendant was Plaintiff's employer within the meaning of 42 U.S.C. § 2000e(a) and (b).

12. The Defendant is a covered employer pursuant to 29 U.S.C. §2611(4).

13. At all times relevant to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

14. Defendant is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that moved in and/or were produced in commerce.

15. Defendant is an employer covered by the record-keeping, minimum wage, and overtime mandates of the FLSA.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff began working for The Cellar restaurant/store in approximately August 2019 and remained employed there working as a bartender/server/stand-in manager up and until her unlawful termination on January 11, 2025.

17. At the time of Plaintiff's termination, she reported directly to Myrtiza Anoai (Store Manager), who in-turn reported to the Robert "Bobby" Estes (Owner).

18. In December 2024, Plaintiff discovered that she was pregnant.

19. On or about January 6, 2025, Plaintiff informed Store Manager Anoai of her pregnancy and requested the reasonable accommodation of taking the following Thursday (January 16, 2025) off for a pregnancy related doctor's appointment.

20. Plaintiff also told Anoai that she would likely need to take more time off in the future for medical appointments and/or other pregnancy related matters.

21. At the time, Plaintiff was given no indication that this request for reasonable accommodation related to her pregnancy would be an issue.

22. However, Plaintiff was not provided any FMLA forms or paperwork by the Defendant at this time despite putting them on notice of her anticipated need for future intermittent leave time.

23. Instead, only five days later at the end of the Plaintiff's January 11, 2025, shift she was called into the Manager's office where Anoai informed her that Bobby Estes (Owner) wanted to cut ties with the Plaintiff and "be done."

24. Prior to her termination Plaintiff had no disciplinary actions or write-ups.

25. Plaintiff asked Anoai why she was being terminated and was told only that Bobby

Estes just "wants it to be done" and that they had to respect his wishes.

26. A few days following the Plaintiff's termination she was speaking with Bobby Estes' daughter, Abby Estes. Plaintiff had not told Abby Estes anything about her pregnancy—yet, out of the blue in the middle of their conversation Ms. Estes inquired to Plaintiff of how far along she was in her pregnancy.

27. It was made clear to Plaintiff that Bobby Estes and his daughter both knew of the Plaintiff's status as a pregnant female and had discussed same.

28. Also, throughout the Plaintiff's employment she and other employees were routinely required to work "off the clock" without pay at least four times a year for "cleaning days" which were held every three months.

29. These quarterly "cleaning days," were mandatory and Plaintiff and other employees were required to come into work for a brief meeting followed by at least three hours of work cleaning the facility.

30. Plaintiff and others were not paid for this time worked, nor did these hours worked count towards any overtime pay which may have been due.

31. The termination of Plaintiff as a pregnant female constituted illegal discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act of 1978, as amended.

32. Plaintiff was discriminated against in violation of the PWFA in relation to her request for reasonable accommodation(s) related to her pregnancy by being denied requested reasonable accommodation(s) and by being subjected to termination.

33. The Defendant also discriminated against the Plaintiff for invoking her federally

protected rights under the FMLA as she was subjected to unwarranted termination after placing the Defendant on notice of her need for medical leave related to her pregnancy.

34. The Defendant also interfered with the Plaintiff's federally protected FMLA rights by failing to provide her with FMLA paperwork, failing to provide her with FMLA leave and protection under the statute, and by terminating her employment.

35. In retaliation for exercising her rights under the PWFA, the FMLA, and Title VII/PDA, the Defendant subjected the Plaintiff to unlawful discrimination including, but not limited to, denying her reasonable accommodations, and by terminating her employment.

36. The Defendant violated the FLSA's overtime pay mandates by failing to pay Plaintiff for hours worked.

37. The Defendant violated the FLSA's overtime pay mandates by failing to pay Plaintiff overtime at 1.5 times an hourly rate for all time worked over forty (40) hours per week, as a result of failing to account for or pay Plaintiff for all hours worked per work week.

38. As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due her. She also suffered embarrassment, humiliation, inconvenience, and mental distress.

39. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory, liquidated, and punitive damages is her only means of securing adequate relief.

40. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V. CAUSES OF ACTION

### COUNT I- SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII/PREGNANCY DISCRIMINATION ACT (PDA)

41. The Plaintiff re-alleges and incorporates by reference paragraphs 16-27 above with the same force and effect as if fully set out in specific detail hereinbelow.

42. As discussed above, Plaintiff was willfully and maliciously discriminated against on the basis of her sex and her status as a pregnant female with respect to the terms, conditions, benefits and privileges of her employment.

43. Specifically, the Plaintiff was denied leave time/accommodation in relation to her pregnancy and was terminated from her employment within days of notifying the Defendant of her pregnancy.

44. The unlawful conduct of the Defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

45. The Defendant's conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

46. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, injunctive relief, compensatory and punitive damages and a declaratory judgment is her only means of securing adequate relief.

47. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT II - FMLA INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993 (FMLA)**

48. Plaintiff realleges and incorporates by reference paragraphs 16-27 above with the same force and effect as if fully set out in specific detail hereinbelow.

49. As set forth herein, Plaintiff was an eligible employee under the FMLA in that she worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed by the Defendant within a 75-mile radius.

50. As a result of her serious medical condition (pregnancy), as set out above, on or about January 6, 2025, the Plaintiff requested medical leave from the Defendant in relation to her pregnancy and placed the Defendant on notice of her anticipated need for additional leave in the future.

51. As set out in detail above, the Defendant interfered with Plaintiff's federally protected rights by failing to provide her with requisite FMLA paperwork and documentation.

52. As set out in detail above, the Defendant interfered with Plaintiff's federally protected rights by failing to provide her with FMLA leave and protection.

53. As set out in detail above, the Defendant interfered with Plaintiff's federally protected rights by terminating her employment on January 11, 2025, within only five (5) days of Plaintiff placing Defendant on notice of her need for medical leave time.

54. The Defendant acted intentionally, maliciously, and with reckless indifference against Plaintiff in the terms, conditions, benefits of her employment in violation of the FMLA.

55. The Plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, liquidated damages, an injunction and a declaratory judgment.

56. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

57. The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

**COUNT III - FMLA DISCRIMINATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993 (FMLA)**

58. Plaintiff realleges and incorporates by reference paragraphs 16-27 above with the same force and effect as if fully set out in specific detail hereinbelow.

59. As set forth herein, Plaintiff was an eligible employee under the FMLA in that she worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed by the Defendant within a 75-mile radius.

60. As a result of her serious medical condition (pregnancy), as set out above, on or about January 6, 2025, the Plaintiff requested medical leave from the Defendant in relation to her pregnancy and placed the Defendant on notice of her anticipated need for additional leave in the future.

61. As set out in detail above, the Defendant discriminated against the Plaintiff in violation of the FMLA by (a) failing to provide her with FMLA leave and protection, and (b) by terminating her employment on January 11, 2025, within only five (5) days of Plaintiff placing Defendant on notice of her need for medical leave time.

62. The Defendant acted intentionally, maliciously, and with reckless indifference against Plaintiff in the terms, conditions, benefits of her employment in violation of the FMLA.

63. The Plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, liquidated damages, an injunction and a declaratory judgment.

64. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

65. The Defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the Defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

**COUNT IV – DISCRIMINATION/RETALIAION IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT (PWFA)**

66. Plaintiff realleges and incorporates by reference paragraphs 16-27 above with the same force and effect as if fully set out in specific detail hereinbelow.

67. Plaintiff suffered from a known limitation which was related to, affected by, or arose out of pregnancy, childbirth, or a related medical condition.

68. On January 6, 2025, Plaintiff informed Defendant of her pregnancy and related medical condition and requested reasonable accommodation, i.e., time off to attend medical appointments related to her pregnancy.

69. At this time, Plaintiff also informed Defendant of her anticipated need to continue to need time off to attend future medical appointments related to her pregnancy and/or for pregnancy-related conditions.

70. Plaintiff was a qualified employee under Section 102(6) of the PWFA, 42 U.S.C. § 2000gg(6), because she could perform the essential functions of her job with or without the reasonable accommodations requested.

71. Defendant violated Plaintiff's federally protected rights by failing to make the reasonable accommodation of allowing Plaintiff time off to attend medical appointments related to her pregnancy.

72. Defendant violated Plaintiff's federally protected rights by terminating her employment on account of Plaintiff requesting a reasonable accommodation related to the pregnancy, childbirth, or related medical conditions of the employee.

73. Defendant's acts against Plaintiff violated 42 U.S.C. §2000gg-1(1) and 42 U.S.C. §2000gg-1(5).

74. The unlawful conduct of the Defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

75. The Defendant's conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

76. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, injunctive relief, compensatory and punitive damages and a declaratory judgment is her only means of securing adequate relief.

77. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT V – VIOLATIONS OF THE FAIR LABOR STANDARD ACT (FLSA)**

78. Plaintiff realleges and incorporates by reference paragraphs 28-30 above with the same force and effect as if fully set out in specific detail hereinbelow.

79. Plaintiff was an employee fully entitled to the FLSA's protections.

80. Defendant is an employer covered by the FLSA.

81. The FLSA entitles employees to be paid at least minimum wage for all hours worked.

82. Defendant failed to pay Plaintiff for all hours worked, requiring her to perform mandatory labor while off the clock routinely each quarter of the year.

83. The FLSA entitles employees to be paid at 1.5 times the employee's regular hourly rate for hours worked in excess of 40 hours a week.

84. By requiring Plaintiff to perform labor off the clock, the Defendant failed to adequately or accurately record requisite workweek data of actual hours worked per workweek, resulting in the failure to pay Plaintiff overtime at 1.5 times an hourly rate for hours worked in excess of 40 hours a week.

85. Thus, the Defendant has violated the FLSA's minimum wage and overtime pay mandates.

86. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff, as secured by Title VII, the PDA, the PWFA, the FMLA, and the FLSA;

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII, the PDA, the PWFA, the FMLA, and the FLSA;

3. Grant the Plaintiff an order requiring the Defendant to make her whole by awarding her:

(a) instatement into the position she would have occupied in the absence of the unlawful discrimination, and/or interference by the Defendant with the same seniority, leave and other benefits of the position, or front pay (Title VII, PDA, PWFA, FMLA);

(b) back pay with interest (all claims);

(c) compensatory damages (Title VII, PDA, PWFA);

(d) punitive damages (Title VII, PDA, PWFA);

(e) liquidated damages (FMLA, FLSA);

(f) nominal damages (all claims); and

(g) attorney's fees, costs, and expenses (all claims);

4. Grant Plaintiff reinstatement and a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as well as those of others who are similarly-situated pursuant to Title VII, the PDA, the PWFA, the FMLA, and the FLSA;

5. Grant Plaintiff her attorney's fees and costs; and

7. Grant Plaintiff such other relief as justice requires.

Respectfully submitted,

s/ Temple D. Trueblood
Temple D. Trueblood
Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
ttrueblood@wigginschilds.com

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

s/ Temple D. Trueblood
OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon each of named Defendant the following: Summons, Complaint.**

**Defendant's Addresses:**
**McDowl's, LLC, d/b/a The Cellar**
**c/o Registered Agent**
**Bobby Estes**
**1481 Westgate Pkwy., Suite 1**
**Dothan, AL 36303**

s/ Temple D. Trueblood
OF COUNSEL